UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TRISTAN J. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:21-CV-276-KAC-DCP |
| | ) |
| SHAUN A. SAKOVICH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT SHAUN SAKOVICH

Before the Court is the "Motion for Summary Judgment of Defendant Shaun A. Sakovich" [Doc. 16]. Plaintiff asserts a claim against Defendant Investigator Sakovich under 42 U.S.C. § 1983 for "unreasonable seizure pursuant to the Due Process Clause of the Fourteenth Amendment" [Doc. 1 at 6]. Investigator Sakovich counters that Plaintiff's claim is properly analyzed under the Fourth Amendment [Doc. 17 at 6]. Further, Investigator Sakovich asserts that he did not violate Plaintiff's constitutional rights and is entitled to qualified immunity because he arrested Plaintiff pursuant to a valid warrant [*Id.* at 6-15]. Plaintiff did not respond to the Motion for Summary Judgment.[1] Because Investigator Sakovich properly arrested Plaintiff pursuant to a valid arrest warrant, the Court grants Investigator Sakovich's motion for summary judgment.

---

[1] Plaintiff requested an extension of time to respond, but the Court denied his motion because he failed to demonstrate excusable neglect under Federal Rule of Civil Procedure 6 [Doc. 29].

## I. Background[2]

Plaintiff's claims arise from his arrest for harassment in violation of Tennessee Code Annotated § 39-17-308. Plaintiff engaged in a relationship with a woman for less than one month [Doc. 1 at 2]. After the relationship ended, Plaintiff continued to communicate with her after she requested that the communication end [Doc. 16-1 at 1-2, 4]. Plaintiff sent the woman text messages, a dog collar, and an envelope containing pictures of her [Docs. 1 at 4; 1-3; 16-1]. Some of the text messages sent by Plaintiff include:

> Look, I know this has all been crazy. The texts and everything. But not 2 days ago, there's a truck at your house. It looks like you went back to the ex. And it hurts. Because every prob we had was related to him and I thought we could move past it. If you'll just tell me that you're back with

> Okay. I'll make this simple. I know he took the weekend off. I know it was him. And you either admit it or this will escalate. It is so fucked up that I just want you to admit it -it makes everything you [sic] fault- and then I'm done. Otherwise this will escalate.

> Okay. I'm done. Fuck you. Here's my advice: do not go to any bar or restaurant in Knoxville for a long time. People hate you now. And it will get worse.

[Doc. 16-1]. The woman also reported to law enforcement that Plaintiff called her from several different phone numbers, contacted her ex-husband, and repeatedly drove by her house [Doc. 1-3]. The woman reported Plaintiff's behavior to the Knoxville Police Department [*Id.*]. Investigator Sakovich interviewed the woman and reviewed the text messages sent between her and Plaintiff [Doc. 16-1 at 1-2]. After consultation with a Knox County Assistant District Attorney General, Investigator Sakovich swore an affidavit of complaint to a Knox County Magistrate Judge that relayed the contents of his interview and the relevant text messages [Docs. 1-1; 16-1 at 2-3].

---

[2] Because Plaintiff is the nonmoving Party, the Court describes the facts in the light most favorable to him. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

2

The magistrate judge determined that probable cause existed to believe that Plaintiff had committed the offense of "harassment" in violation of Tennessee Code Annotated § 39-17-308. And the magistrate judge issued a warrant for Plaintiff's arrest [Doc. 1-1]. Plaintiff surrendered himself [Doc. 1 at 4]. The State of Tennessee later dismissed the charge against him [Docs. 1 at 4-5; 1-1 at 2].

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the nonmoving party and make all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Nat'l Satellite Sports, Inc.*, 253 F.3d at 907. The moving party bears the burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden, the opposing party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 586; Fed. R. Civ. P. 56). "A genuine issue for trial exists only when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff.'" *Nat'l Satellite Sports, Inc.*, 253 F.3d at 907 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

## III. Analysis

Although Plaintiff asserts a violation of his Due Process rights under the Fourteenth Amendment, the Court construes his claim as one for unreasonable seizure in violation of the Fourth Amendment. The Supreme Court has held that "[w]here a particular Amendment 'provides

3

Case 3:21-cv-00276-KAC-DCP    Document 30    Filed 03/08/22    Page 3 of 7    PageID #: 145

an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Therefore, claims for unreasonable seizure should be addressed under the Fourth Amendment, not the Substantive Due Process Clause of the Fourteenth Amendment. *Albright*, 510 U.S. at 273-75.

To make a Section 1983 claim, Plaintiff "'must establish that a person acting under color of state law deprived [him] of a right secured by the Constitution or laws of the United States.'" *Sexton v. Cernuto*, 18 F.4th 177, 184 (6th Cir. 2021) (quoting *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006)). A Section 1983 claim of false arrest under the Fourth Amendment cannot be maintained "'where there [was] probable cause to believe that a criminal offense [had] been or [was] being committed.'" *Ouza v. City of Dearborn Heights*. 969 F.3d 265, 279 (6th Cir. 2020) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). "'An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest.'" *Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014) (quoting *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005)). A magistrate judge's determination of probable cause must be given "great deference." *United States v. Leon*, 468 U.S. 897, 914 (1984). An officer may rely upon a warrant unless it would be objectively unreasonable to do so because the warrant lacks minimum indicia of probable cause. *United States v. Baker*, 976 F.3d 636, 645-47 (6th Cir. 2020). However, an exception to this general rule exists if a plaintiff proves "by a preponderance of the evidence that in order to procure the warrant [the defendant] 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood' and 'such statements or omissions [we]re material, or necessary, to the finding of probable cause.'"

4

*Trakhtenberg v. Cnty. of Oakland*, 661 F. App'x 413, 419 (6th Cir. 2016); *see also Bullock v. City of Detroit*, 814 F. App'x 945, 951 (6th Cir. 2020). "If the affidavit contains false statements or material omissions, [the court] set[s] aside the statements and include[s] the information omitted in order to determine whether the affidavit is still sufficient to establish probable cause." *Trakhtenberg*, 661 F. App'x at 419 (quoting *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010)).

When faced with a Section 1983 claim, even if an officer violated a constitutional right, qualified immunity shields the officer from liability so long as a reasonable official in the defendant's position would not have understood his or her conduct to violate clearly established statutory or constitutional rights. *City of Tahlequah v. Bond*, 142 S. Ct. 9, 11 (2021). Qualified immunity "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Trakhtenberg*, 661 F. App'x at 418 (quoting *Chappel v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)). When evaluating a claim for qualified immunity, the Court "must determine '(1) whether the facts, when taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right; and (2) whether the right violated was clearly established such 'that a reasonable official would understand that what he is doing violates that right.'" *Id.* at 418-19 (quoting *Mullins v. Cyranek*, 805 F.3d 760, 765 (6th Cir. 2015)). When a defendant asserts qualified immunity, "plaintiff has the burden of showing that a right is clearly established." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009). "A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (*per curiam*) (internal quotation marks omitted)). "[E]xisting

precedent must have placed the statutory or constitutional question beyond debate." *Rivas-Villegas*, 142 S. Ct. at 7-8 (alterations and quotations omitted).

The fact that a magistrate judge issued a warrant is a clear indication that the arresting officer "acted in an objectively reasonable manner" and is entitled to qualified immunity. *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). Ordinarily, "'an officer cannot be expected to question the magistrate's probable-cause determination.'" *Id.* at 547 (quoting *United States v. Leon*, 468 U.S. 897, 921 (1984)). Nonetheless, qualified immunity will not shield an officer if the faults with a warrant are so "'obvious that no reasonably competent officer would have concluded that a warrant should issue.'" *Id.* at 547 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "[T]he threshold for establishing this exception is a high one," *Messerschmidt*, 565 U.S. at 547, and "[t]he occasions on which this standard will be met may be rare," *Id.* at 556.

Plaintiff fails to support his bare allegation that his arrest violated the Fourth Amendment. He does not dispute that a magistrate judge issued a warrant for his arrest [*See* Doc. 1-1 at 1]. Moreover, the warrant explicitly states that the magistrate judge found probable cause that Plaintiff had committed the offense of harassment in violation of Tennessee Code Annotated § 39-17-308 [*Id.*]. And, the evidence gathered by Investigator Sakovich supported that finding of probable cause. Investigator Sakovich reviewed threatening, uncontroverted text messages Plaintiff sent to the woman at issue, and the woman told Investigator Sakovich that she felt threatened by Plaintiff [Docs. 1-1, 16-1]. Plaintiff also repeatedly called her after she asked him to stop and delivered a dog collar to her house [Docs. 1 at 4; 1-3; 16-1]. Such threatening and harassing actions, if true, may constitute harassment. *See* T.C.A. § 39-17-308(a); *see also Bell v. Tennessee*, No. 11-cv-14, 2012 WL 996560, at *10-11 (E.D. Tenn. Mar. 22, 2012); *State v. Bradley*, No. 01C01-9708-CR-00336, 1998 WL 670238, at *3 (Tenn. Crim. App. Sept 30, 1998).

6

Plaintiff likewise fails to establish an exception to the general rule that an officer may rely on a warrant establishing probable cause. An arrest pursuant to a facially valid warrant may nonetheless violate the Fourth Amendment if a "defendant intentionally misled or intentionally omitted information . . . critical to the finding of probable cause." *Voyticky*, 412 F.3d at 678 n.4. However, Plaintiff does not identify any specific false statements or material facts omitted by Investigator Sakovich in his affidavit of complaint, nor could the Court locate any [*See* Doc. 1 at 6]. Because Investigator Sakovich arrested Plaintiff pursuant to a valid arrest warrant supported by probable cause, Investigator Sakovich did not violate the Fourth Amendment. Moreover, even if there was a constitutional violation, Investigator Sakovich did not violate any clearly established right, and he is entitled to qualified immunity.

## IV. Conclusion

Accordingly, the Court **GRANTS** Defendant Sakovich's Motion for Summary Judgment [Doc. 16]. Plaintiff's claims against Defendant Sakovich are **DISMISSED**.[3]

IT IS SO ORDERED.

s/ Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge

---

[3] The Court notes that the City of Knoxville, the lone remaining defendant in this case, has not moved for summary judgment. The Court would, of course, consider any such motion upon filing.