UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TRISTAN J. HALL,                    )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )    No.:  3:21-CV-276-KAC-DCP
                                    )
SHAUN A. SAKOVICH, et al.,          )
                                    )
         Defendants.                )

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT CITY OF KNOXVILLE

Before the Court is Defendant City of Knoxville's "Motion for Summary Judgment" [Doc. 32] and memorandum in support [Doc. 33]. Plaintiff's claims of civil rights violations arose from his arrest for harassment [*See* Doc. 1]. Plaintiff asserted a claim against Defendant Investigator Shaun A. Sakovich under 42 U.S.C. § 1983 for "unreasonable seizure" under the Fourth Amendment [*Id.* at 6]. Plaintiff also asserts derivate claims under Section 1983 against the City of Knoxville, Investigator Sakovich's employer, alleging that: (1) it had a custom of similar violations; (2) it failed to properly train Investigator Sakovich; (3) it failed to properly supervise Investigator Sakovich; (4) its policies and procedures "were deficient"; and (5) it ratified Investigator Sakovich's conduct [*Id.* at 1, 8-9]. On March 8, 2022, the Court granted Investigator Sakovich summary judgment because he arrested Plaintiff pursuant to a valid warrant issued by a magistrate judge and therefore did not violate the Fourth Amendment [Doc. 30]. The City of Knoxville now asserts that the claims against it must be dismissed because there is "no underlying constitutional violation suffered by the Plaintiff" [Doc. 32]. Plaintiff responds that a disputed issue of material fact exists because he asserts that the "City of Knoxville's ratification and lack of

training were the driving forces behind the constitutional injury" [Doc. 41 at 1]. However, because there was no underlying Constitutional violation, the Court grants the City of Knoxville's Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the nonmoving party and make all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The moving party bears the burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden, the opposing party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita*, 475 U.S. at 586; Fed. R. Civ. P. 56). "A genuine issue for trial exists only when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff.'" *Nat'l Satellite Sports, Inc.*, 253 F.3d at 907 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

Following the Court's dismissal of Plaintiff's claims against Investigator Sakovich, Plaintiff cannot genuinely allege that his arrest by Investigator Sakovich violated Plaintiff's Constitutional rights. The Court explicitly held that "[b]ecause Investigator Sakovich arrested Plaintiff pursuant to a valid arrest warrant supported by probable cause, Investigator Sakvoich did not violate the Fourth Amendment" [Doc. 30 at 7]. Plaintiff has not cited to any additional facts to rebut that finding and create a dispute of material fact. As a matter of law, a municipality may not be held liable under Section 1983 "'unless there is an underlying unconstitutional act' against

2

the plaintiff." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1165 (6th Cir. 2021) (quoting *Andrews v. Wayne Cnty.*, 957 F.3d 714, 725 (6th Cir. 2020)); *see also Baker v. City of Trenton*, 936 F.3d 523, 535 (6th Cir. 2019) ("[W]here there has been no showing of individual constitutional violations . . . there can be no municipal liability."). Because there was no underlying Constitutional violation, the City of Knoxville cannot be liable for claims that require an underlying Constitutional violation. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 388 (6th Cir. 2017); *Thomas v. City of Columbus*, 854 F.3d 361, 367 (6th Cir. 2017).

Accordingly, the Court **GRANTS** Defendant City of Knoxville's "Motion for Summary Judgment" [Doc. 32]. Plaintiff's claims against Defendant City of Knoxville are **DISMISSED**. An appropriate judgment shall enter.

    IT IS SO ORDERED.

                                            s/ Katherine A. Crytzer
                                            KATHERINE A. CRYTZER
                                            United States District Judge